May 28th, 1906.

————o————

No. 3833.

(Court of Appeal, Parish of Orleans.)

NOVELTY NECKWEAR COMPANY vs. DWYER BROS. LTD.

1. It is well settled that evidence received without objection, of facts not alleged, will be considered as if it had been responsive to an allegation in an amended petition or answer, filed with the consent of the opposite party.
2. On the merits issues of fact only are fully sustained by the evidence.

Appeal from Civil District Court, Division "E."

J. Z. Spearing, for Plaintiff and Appellee.

Saunders & Gurley, for Defendant and Appellant.

MOORE, J. The plaintiff company—manufacturers and re-molders of neckwear—sued the defendant firm—jobbers in dry goods and notions—for one hundred and forty-four dollars, the contract price for cutting, trimming and remaking 4 gross of

scarfs, otherwise called tecks, which had been shipped to plaintiff by defendants for the purpose of being converted into "bows" or neckties; the allegations being that the lot of "tecks" were so converted and yielded 192 dozen of bows and were duly shipped to and received by defendants who refuses to pay the price so agreed upon .

The answer admits the contract and the delivery to defendants of a lot of bows, equaling 192 dozen, but avers that the bows received were not made up out of the tecks shipped to plaintiff, and which tecks were of a high grade of goods, but were made up not only out of some other lot of scarfs than those shipped by the defendant, but out of totally different material and vastly inferior in quality and pattern; that defendants repeatedly called upon the plaintiff to take back the bows and return to them the ones made of their own material, but that plaintiff refused to do so; that the scarfs which were delivered to plaintiff were of the full value of $132.00, and that the bows returned does not exceed in value 75 cents per dozen, or say $144.00 for the entire lot; and that therefore the difference in the actual value between the scarfs sent and the bows received is $12.00 which amount the defendants made due tender to plaintiff.

There was judgment for plaintiff for $19.00 and defendants appeal.

The averments of the answer have been abundantly established by the evidence.

The scarfs sent to plaintiff to be remade up into bows were of a high grade of silk and had originally cost the defendants prices running from $36.00 per gross to $42.00 per gross, the major portion of them costing them $36.00 and $42.00. As the season was late for the sale of scarfs the defendants had, in taking stock, re-charged "merchandise account" with the scarfs at the reduced rate of $33.00 per dozen, crediting the loss from their actual value accordingly. The bows which the plaintiff had sent to defendants were made up of cheap pongee and satine and were scarcely worth 75 cents per dozen; whereas if the scarfs shipped had been made into bows the value of the lat-

416

ter would have been $2.25 per dozen.

As the defendants kept the bows shipped to them by plaintiff they owe the latter for the proven value thereof.

$144.00

And as the plaintiff retained the defendants property the 4 gross of scarfs, it owes defendant for their value.

$132.00

Thus leaving as due by defendants, a balance of  $12.00

And this would have been the result if the evidence had been restricted to the pleadings. But it was not.

Neither side confined themselves to the proof of the manufacturer's price of the respective goods to jobbers, but permitted, without objection, indeed, as we have said, offered, respectively, proof of the jobbers selling price of these goods to small purchasers, thus changing the issue and rendering it proper for the Court to adjust the account between the parties on the proof thus administered.

So appreciating the case, our esteemed brother of the District Court proceeded to decide it and reduced to writing his reasons for judgment which are as follows:

"The defense that the bows received by defendant were of a material inferior in quality to that of the teck scarfs out of which they were made is fully sustained by the evidence. The question is what was the difference in value Mr. W. H. Dwyer swore that it was $132.00 but did not satisfactorily explain how he reached that conclusion. He was apparently not well informed and his testimony is not entitled to great weight. But from the evidence of defendants two other witnesses, Banquette and Boyer, particularly the latter, it appears that plaintiff got from defendant four gross of tecks of the value of $33.00 per gross, or a total value of $132.00. It was expected that out of each teck four bows would be obtained, and that expectation was realized, inasmuch as there were returned to defendants exactly 192 dozen or 16 gross of bows. The bows, however, which should have been worth $2.25 per dozen, found no buyers at that price. Notwithstanding every effort, de-

417

fendant could obtain no higher figure than $1.50 per dozen.

| | |
|---|---:|
| There were sold at that price six dozen making.. | $9.00 |
| And there were sold besides six dozen at $1.25.. | 7.50 |
| And 80 dozen at 90c ..................... | 72.00 |
| While defendant still has on hand 100 dozen which are being offered, and which there is difficulty in selling at 75 cents per dozen.............. | 75.00 |
| | ...... |
| So that the highest value of the bows is. | $163.50 |
| Had they been of the same quality as the tecks, they would have represented at $2.25 per dozen, a value of ............................. | 432.00 |
| *Less cost of manufacture* ................... | 144.00 |
| A net value to defendants of.................. | $288.00 |
| Instead thereof defendant received a value of.. | 163.50 |
| *Showing the difference in quality to have been*.. | 124.50 |
| This, if deducted from the................ | 144.00 |
| due by defendants to plaintiff leaves a balance of ..................... ................. | 19.50 |

in the latters favor, for which it is entitled to judgment."

Our usually careful brother of the District Court has, however, and through oversight, deducted the cost of manufacture ($144.00) twice.

| | |
|---|---:|
| He fixes the value of defendants scarfs when converted into bows at........................... | $432.00 |
| From which he deducts the cost of manufacture.... | 144.00 |
| Hence the net value is......................... | $288.00 |

This therefore represents plaintiffs debit item to defendants

| | |
|---|---:|
| He finds also that the plaintiff is entitled to a credit item for the value of the bows................. | 163.50 |
| And brings down as a balance................... | 124.50 |

418

This balance is in favor of the defendants. But from this balance ,forgeting that he had already deducted "the cost of manufacture, $144.00," he again deducts this amount which consequently reverses the balance from the defendants to the plaintiff.

The true balance, as shown, is $124.00, and it is in favor of defendants. It is earnestly contended by plaintiff's counsel that no calculation should be made based on the theory adopted by the trial judge; that this calculation is outside of the issue tendered by the pleadings and that the true basis of calculation, if it should be found that the defendants did, in fact, not receive bows made out of their tecks, should be that set up in the answer of defendants.

The answer is that the pleadings have been changed by the evidence adduced without objection, for it is well settled that evidence admitted without objection will be considered as if it had been responsive to an allegation in an amended petition or answer filed with the consent of the opposite party, Louque's Dig. P. 234. Even evidence received without objection, by way of reconvention, will be considered as if the former plea had been made.

Kean vs. Brandon 17 A. 37.

But were plaintiff's contention as to the mode adjusting the account admitted, a calculation on the basis of the answer would only show—as first stated—a balance of $12.00 to be due by defendants. Defendants would owe for the manufacturers price of the bows, which is less than 75 cents per dozen, but say at 75c equals ........... .................... $144.00
Plaintiff would owe defendants for the latters property

not returned ........... .................... 132.00

Balance due plaintiff ........................ $12.00

As plaintiff admits this indebtedness, and has made due tender by depositing with the registry of the Court the sum of fourteen dollars we will, because of this admission of his indebtedness amend the judgment by reducing it to this sum.

It is therefore ordered, adjudged and decreed that the judg·

419

ment appealed from be and the same is hereby amended by reducing the amount thereof from nineteen dollars to twelve dollars, the costs of the lower Court which may have been incurred since the date of the tender by defendants, as well as the costs of appeal to be paid by the plaintiff and appellee and as thus amended the judgment is affirmed.

May 28th, 1906.